IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SILT SAVER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-01137-SCJ |
| ) | |
| DENNY HASTINGS d/b/a ) | |
| FRIENDLY ENVIRONMENT and ) | |
| ATLANTIC CONSTRUCTION ) | |
| FABRICS, INC., a Virginia ) | |
| corporation, d/b/a ACF ) | |
| ENVIRONMENTAL, and ) | |
| KEVIN B. WOLFE ) | |
| Defendants. ) | |
| ) | |

## MOTION FOR LEAVE TO EXCEED
## LOCAL RULE 7.1(D) PAGE LIMITATIONS

Defendants Denny Hastings d/b/a Friendly Environment ("Friendly Environment"), and Atlantic Construction Fabrics, Inc., a Virginia corporation, d/b/a ACF Environmental ("ACF") and Kevin B. Wolfe ("Wolfe") (collectively, "Defendants") hereby move for leave to file opening claim construction briefs pursuant to Local Patent Rule 6.5(a) of up to fifty (50) pages, in excess of the twenty-five (25) page limit specified in Local Rule 7.1(D) for briefs filed in support of a motion, for the reasons set forth below.

1.   Opening claim construction briefs are due on May 8, 2017, and responsive claim construction briefs are due on May 29, 2017.

1

2. The opening and responsive briefs must address the disputed terms and phrases of Plaintiff Silt Saver's ("Plaintiff") U.S. Patent No. RE42,695 ("the '695 Patent"), and specifically the twenty claims asserted by Plaintiff against Defendants[1], namely Claims 1, 5, 13-20, 22-24, 26, 28 and 30-34 ("the Asserted Claims").[2]

3. Patent cases are inherently complex, and in this case, the claim construction briefs will include a tutorial on the technology at issue, an overview of the '695 Patent and the claims asserted by Plaintiff, a discussion of relevant principles of claim construction law, and an analysis of the proposed constructions of the seventeen (17) disputed claim terms and phrases that are the subject of the parties' LPR 6.3 Joint Claim Construction Statement (Doc. 44).

4. The parties had initially identified twenty-eight (28) claim terms and phrases for construction, but have since reduced that number to seventeen (17) disputed claim terms and phrases. Ten (ten) claim terms and phrases have been resolved with an agreed upon construction and a request for construction of one claim term was withdrawn. *See* LPR 6.3 Joint Claim Construction Statement (Doc. 44). Despite several meet-and-confers regarding the claim terms and phrases to be

---

[1] The Amended and Restated Complaint, filed April 10, 2017 (Doc. 52), does not distinguish which of the five (5) counts in the Complaint is asserted against which of the four (4) named Defendants.

[2] Plaintiff had originally asserted Claim 29, but has represented that it plans to withdraw assertion of Claim 29.

construed, the parties have not been able to reduce the number of disputed terms and phrases any further.

5. The parties have also narrowed the number of claims asserted from twenty (20) to nineteen (19). (Id.)

6. Defendants believe that the analysis needed to properly explain the constructions of the seventeen (17) disputed claim terms, in addition to explaining the technology at issue and the relevant claim construction principles, cannot be adequately accomplished in a twenty-five (25) page opening brief.

7. Although Plaintiff has agreed to an additional five (5) pages in excess of the twenty-five (25) page limit, Defendants submit that an additional twenty-five (25) pages is needed to fully brief these important issues.

8. Despite a meet and confer conference, Plaintiff will not agree to more than thirty (30) pages for each party's opening claim construction brief.

9. Defendants submit that opening claim construction briefs of fifty (50) pages is appropriate and necessary for the following reasons:

   a. There are nineteen (19) Asserted Claims.

   b. There are seventeen (17) disputed claim terms and phrases that require construction by the Court.

   c. Each party has submitted expert reports in support of claim construction, and each report is over seventy (70) pages in length. To

distill this testimony into support for the parties' positions in the briefs will take additional pages than the current limit of twenty-five (25) pages.  Moreover, the length of the experts' reports demonstrates the complexity and volume of the information that will be contained in the parties' respective claim construction briefs to sufficiently address the parties' claim construction positions.

d. The '695 Patent is a reissue of a previously issued patent, and therefore, there is an extensive prosecution history.  In fact, the original patent's prosecution history is 350 pages long and the prosecution history of the reissued patent is 762 pages long.

e. There is precedent in this Court for claim construction briefs in excess of the Local Rules limit, including claim construction briefs of fifty (50) pages.  *See, e.g., Canon, Inc. v. Color Imaging, Inc., et al.*, Civil Action No. 1:11-cv-03855-RLV (Doc. 112) (July 25, 2012); *Collins & Aikman Floorcoverings, Inc. et al. v. Interface, Inc.*, Civil Action No. 4:05-cv-0133-HLM (Doc. 196) (July 27, 2006); *Telematics Corp. v. UPS, Inc.*, Civil Action No. 1:07-cv-0105-ODE (Docs. 198 & 199) (January 23 and 24, 2008).  (Copies of Orders attached hereto collectively as Exhibit 1.)

10. Accordingly, Defendants move this Court for leave of Local Rule 7.1(D) to allow each party to file an opening claim construction brief of up to fifty (50) pages in length.

A proposed Order is submitted concurrently with this Motion.

Respectfully submitted this 17th day of April, 2017.

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/Audra A. Dial*
Audra A. Dial
Georgia Bar No. 220298
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Tel: (404) 853-8000
Fax: (404) 815-6555
adial@kilpatricktownsend.com

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
Eric G. Soller (Admitted *pro hac vice*)
EGS@Pietragallo.com
Alan G. Towner (Admitted *pro hac vice*)
AGT@Pietragallo.com
One Oxford Centre, 33rd Floor
Pittsburgh, PA 15219
Tel: (412) 263-2000

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing DEFENDANTS' MOTION FOR LEAVE TO EXCEED LOCAL RULE 7.1(D) PAGE LIMITATIONS has been prepared using one of the font and point selections approved by the Court in Local Rule 5.1(C). This document was prepared using Times New Roman (14 point).

This 17th day of April, 2017.

                                                            KILPATRICK TOWNSEND & STOCKTON LLP

                                                            */s/Audra A. Dial*
                                                            Audra A. Dial
                                                            Georgia Bar No. 220298
                                                            1100 Peachtree Street, Suite 2800
                                                            Atlanta, Georgia 30309-4528
                                                            Tel: (404) 853-8000
                                                            Fax: (404) 815-6555
                                                            adial@kilpatricktownsend.com

## **CERTIFICATE OF SERVICE**

I certify that on the 17th day of April, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to counsel of record.

                                        */s/Audra A. Dial*
                                        Audra A. Dial
                                        One of the Attorneys for Defendants